*Barnett & Edwards, Howell, for appellee.*

---

## JOHN W. HOPKINS *v.* CHAS. CATLETT.

**Bills and Notes—Assignment of Note—Mistake as to Amount Due—Equity Will Relieve.**

Where a note already due, with several payments credited thereon, is assigned and by mistake or fraud in the calculation of the credits and interest the assignor is made to believe that there was only a balance of three hundred and thirty dollars due thereon, when in fact there was at the time six hundred and ninety-three dollars due, a court of equity will compel the assignee to refund to the assignor the amount in excess of the sum supposed to be due when the note was assigned.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

November 9, 1871.

OPINION BY JUDGE PETERS:

This suit was brought on a note executed by appellee to appellant on the 1st day of December, 1866, for one hundred dollars, due one day after date.

In the answer, one being an original and the other an amendment, the following material facts are stated and relied upon as a defense and counter-claim. That a short time before the date of the note aforesaid, appellee had contracted to sell to appellant a small tract of land of twenty-six acres at the price of six hundred and fifty dollars, of which he paid three hundred and twenty-five dollars down and executed his note for three hundred and twenty-five dollars payable at a future day. That before this contract was made with appellant, appellee had contracted to sell the same land to Newton Carpenter, who had not paid for it, and who, as is alleged, had authorized appellee to sell the land to raise the unpaid purchase price, and when he made the contract with appellant he believed, and had a right to believe, that Carpenter would ratify the contract. But, afterwards, Carpenter refused to perform his agreement and thereby put it out of the power of appellee to execute his contract with appellants, and the terms of recission were then to be adjusted. It is alleged that appellant claimed one hundred dollars as the damages he had sustained on account of appellee's inability to perform his contract, and the note sued on was executed as a settlement of his claim for damages, he refusing to settle on any other terms; that the $325 previously paid on the land were to be refunded and appellant did not have the money; but he had with him a note on John A. Catlett, originally for $1,500, executed 7th of April, 1857, due one year thereafter, and carrying interest from date with various credits endorsed, so that he did not know the amount unpaid on said note; that he handed it to appellant and requested him to calculate the interest, take off the credits, and see if the balance due was enough to pay him the $325. He took the note and after some time, during which he seemed to be making the calculation, he told appellee there were due on said note about $330; that he relied on what appellant told him as to the balance due on said note; made no calculation himself, and assigned him the note in satisfaction of the $325 he owed him under the belief from the report of appellant that there was only due on it $330, when, as he charges, there were, in fact, due and unpaid on said note, six hundred and ninety-three dollars, and he prays judgment for all that was due on said note on the 1st of December, 1866, after deducting $330

therefrom, and that the note sued on should be cancelled, setting up these matters in his answer as a counter-claim.

The allegations in the cross-petition as to the manner of making the calculation to ascertain the balance due on the note of John A. Catlett, by whom they were made and what appellant said was due on it, are not denied in the reply. On that subject he says, in his reply, "That while he gave him the John A. Catlett note referred to, as bonus, or earnest of his intentions to comply with his written agreement, he made the calculation on the amount due on same, and took a memorandum thereof, and handed it to this plaintiff, where he casually estimated the amount due on same by casting up the credits and deducting therefrom the face of the note, and satisfied himself that there was enough due on said not to induce him to believe that it was the intention of the defendant honestly and faithfully to comply with his written agreement hereinbefore mentioned, and if the defendant was not *conusant* of the amount due on said note, it was his own fault, he being quite an expert in figures. And the charge in defendant's answer that he was most grossly deceived and imposed on by this plaintiff as his confidential adviser and attorney, is absolutely false and without foundation in fact."

It is not a little surprising that after so much time was consumed and space occupied by writing a reply; to the very simlpe statement of facts that appellee handed the note to him to ascertain the true amount due on it; that he did make the calculation and reported the balance to be $330, and relying on that statement appellee assigned him the note in satisfaction of the $325 he had paid him on the land; that these important allegations should receive no special attention and should be left without a direct reply; and while it may be true that he did not in the character of "confidential advise and attorney" grossly deceive and impose on appellee, still he may have deceived and imposed on him in a different relation. Did he do so? This interrogatory is not directly responded to, and as there is no sufficient denial it must be taken as true. Nor is the everment that the balance due on J. A. Catlett's note when it was assigned to appellant was $693 denied; and if it had been, the letter written to said Catlett by appellant, informing him that he held his

note, giving the amount and credits, and the note Catlett executed to him for $715.80 on the 18th of December, 1866, when he took up the old note for $1,500, and the note he executed on the 18th of April, 1867, on renewal of the note of the 18th of December filed in the cause, proves the truth of the allegation.

Appellant, in his reply, says that he called in a witness, and in the presence of that witness demanded of the defendant a compliance with his contract, urging in addition to his legal obligation as a reason that he had sold the land for double what he had given defendant for it, and that he did not feel called upon by any principles of morality or legal obligation known to him to sustain so heavy a loss, and so informed defendant.

Appellant does not name the individual who offered him twice as much for the land as he gave for it, nor has he introduced any one to prove it. But he says in his reply that he asked that as an argument why he should have appellee to execute his note to himself for $100 besides assigning him the note on J. A. Catlett, by which he got a note on a solvent man, secured too by a lien on real estate at a discount of more than one hundred per cent. This, he thinks, was "a pretty heavy discount and a hard bargain—one which in all probability a court of equity might not be willing to lend its aid to enforce, but after it has been executed, will not interpose to set it aside."

Whether or not an individual finding an acquaintance in great distress for money, declaring that unless he can raise it he will suffer greatly in property and character, and buys his land at one-half its value, and afterwards, by an unexpected event, without his fault his vendeor is unable to execute the contract, and then in order to indemnify his vendee he assigns a note to him for nearly seven hundred dollars on a good and solvent man to refund three hundred and twenty-five dollars, a court of equity would relieve the debtor under such circumstances, we need not, in this case, decide. Since there are other grounds which forbid a court of equity from withholding its aid, those grounds have already been stated.

The manner in which appellant obtained the note on J. A. Catlett must fix his liability to refund, and the criterion for the recovery is the difference between what appellee actually owed him and the amount due on J. A. Catlett's note on the 1st of

December, 1866, with the interest on that difference from the last named date till paid.

Wherefore the judgment on the original appeal is *affirmed* and on the cross-appeal it is *reversed* and the cause remanded with directions to render judgment in favor of appellee against appellant for three hundred and sixty-three dollars with interest at the rate of six per cent. per annum from the 1st day of December, 1866, till paid and costs, and that appellant's petition be dismissed at his costs.

*Hopkins, for appellant.*
*Feland & Evans, for appellee.*